KNOLL, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s decision to grant petitioner a limited license to practice law in this state as in-house counsel for his employer. Petitioner was disbarred in another jurisdiction after he deliberately, engaged in a pattern of improper billing practices at his former law firm. As a result of petitioner’s dishonest acts, his law firm was required tó reimburse the client’s losses of more than $595,000. In my view, petitioner’s conduct demonstrates a fundamental lack of moral character. Had petitioner been a practicing attorney in Louisiana at the time of this misconduct; there is no question that he would have been permanently disbarred. See, e.g., In re: Mitchell, 13-2688 (La.5/7/14), 145 So.3d 305 (attorney permanently disbarred for submitting $23,212 in false expense reimbursement requests to his law firm, which in turn charged the expenses to its client); In re: Moser, 11-2790 (La.2/10/12), 81 So.3d 650 (petition for consent discipline accepted and permanent disbarment imposed upon an attorney who engaged in improper billing practices at two law firms; total monetary loss to the attorney’s clients stipulated to be $10,648).
The mere fact petitioner is seeking a limited license to practice law is of no moment. Supreme Court Rule XVII, § 14(A)(1)(F)(2) provides in-house counsel are required to satisfy the same standards of character and fitness as all other applicants for admission to the Louisiana bar.
As explained in my concurrence in In re: Hinson-Lyles, 02-2578 (La.12/3/03), 864 So.2d 108, “... it is a mockery of our rules to allow someone to apply for admission when the undisputed conduct at issue is a *1186 recommended 12ground for permanent disbarment.” Considering petitioner’s egregious conduct, I see absolutely no basis for granting him admission to the bar in this state in any capacity.